PATTERSON, Chief Justice,
for the Court:
Glenn M. Green was convicted of armed robbery and sentenced to thirty years imprisonment by the Circuit Court of Sharkey County. He appeals, assigning as error: (1) the trial court erred in overruling his motion to suppress, (2) erred in selecting tales jurors, (3) erred in denying his motion for the trial judge to recuse himself, (4) erred in denying a mistrial because of prejudicial remarks, and (5) erred in permitting prejudicial evidence to be introduced.
Ann Boykin, the postmistress and bookkeeper for the Panther Burn Company of Panther Burn, Mississippi, was about her duties on the morning of October 18, 1976. About two hours after opening the office, she waited upon Sylvia Lou Smith who departed after tending to her business.
Thereafter, while Mrs. Boykin was talking on the telephone, a black man appeared and pointed a gun at her. The gunman directed her to be quiet and hang up the phone. An accomplice then entered the office and bound and gagged Mrs. Boykin. The two took some $5,666.96 in money belonging to the company. They departed leaving Mrs. Boykin bound but unharmed. She was later released by a customer who found her lying on the floor.
On November 13, 1976, Green was taken into custody by policemen of Greenville. A search revealed that he had $1,324 in cash on his person and an automatic pistol in his car. These possessions placed Green under suspicion for the robbery. The Sheriff’s Department of Sharkey County conducted an investigation, including two “lineups” to determine whether Mrs. Boykin could identify her assailants. One, held shortly after the robbery, consisted of showing her photographs of Green and others so that she might identify her assailant. Mrs. Boykin was unable to do so from the photographs. Later she viewed six individuals in a lineup and was again unable to identify Green although she did eliminate four persons in the lineup from suspicion, Green being one of the two remaining.
A joint indictment charging Green,'Quin-nie Perry Chew, and Sylvia Lou Smith with armed robbery was returned by the Grand Jury of Sharkey County during the September 1977 term. The case having been set for trial that term, Green moved, through counsel, for severance and a special venire. A severance was granted from Quinnie Chew and the cause continued until the next term, but the motion for special venire was denied.
Quinnie Chew, co-indictee, was tried during the September 1977 term. In a motion of Green’s attorney, it was alleged that during the course of Chew’s trial the state’s attorney had Green and Smith removed from jail and exhibited in the jury’s presence to Mrs. Boykin, the state’s key witness in Chew’s trial, for her identification of them as accomplices of Chew in the Panther Burn robbery. For the first time, according to the motion, she identified Green as being an accomplice. Neither Smith nor Green was called as a witness, and the attorneys of record for Green and Smith received no notice that their clients would be exhibited or “lined up” in the Chew trial.
Green and Smith were tried in March 1978, prior to which the motion for a special venire was renewed and a motion to suppress his identification by Mrs. Boykin was filed. Also, a hearing to consider the suppression motion was requested, but was summarily overruled by the trial court.
During the voir dire examination the jury panel was exhausted by challenges, both peremptory and for cause; whereupon, the trial judge sent the sheriff “upon the county” to summon eight talesmen to complete the panel and afterward to summon other talesmen as alternate jurors. Green’s attorney objected to this procedure contending that his peremptory challenges were exhausted, confirmed by the reporter’s notes, and the statutory method of selecting jurors was not followed.
Green moved unsuccessfully for a mistrial based upon the procedure for selecting tales jurors. In overruling the motion the court reasoned it to be proper for a sheriff not participating in the trial as a witness to *DCC procure tales jurors from bystanders, because their selection from the jury box, as urged by Green, would likely produce delay.
In the course of Green’s and Smith’s trial the state introduced, over objection, the pistol taken from Green’s car and $1,324 taken from him when he was in the custody of the Greenville Police Department. More importantly, Mrs. Boykin, a state’s witness, with seeming certainty identified Green as the gunman in the Panther Burn robbery.
At the conclusion of the state’s case, the defendants moved for a directed verdict, which was sustained with respect to Smith but denied with respect to Green. At the conclusion of his trial, Green was found guilty and sentenced to thirty years imprisonment.
We are of the opinion that the appellant’s first assignment of error has merit. The post-indictment exhibition of the appellant at the Chew trial suffered from two varieties of impropriety isolated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967): While evidence of the exhibition was not presented during appellant’s trial, both the failure to notify his counsel of the intended confrontation at the Chew trial and the plainly suggestive character of that confrontation necessitated a suppression hearing upon the appellant’s timely motion to determine the admissibility of Boykin’s proposed in-court identification of him. As in United States v. Wade, supra, remand must here be directed to resolve the factual question of whether Boykin’s in-court identification, upon which the appellant’s conviction rests, proceeded from her independent recollection rather than from the confrontation at the Chew trial, tainted as it was by official impropriety.
In determining whether the state has met its heavy burden of proving by clear and convincing evidence the independence of Boykin’s proposed in-court identification of the appellant, the trial court upon remand should consider the following factors: (1) Boykin’s opportunity to observe the participants in the criminal act during its commission, (2) any discrepancies between Boykin’s pre-identification descriptions of the appellant and his actual appearance, (3) any prior identifications by Boy-kin, or failure to identify him, either at picture lineups, personal lineups, or otherwise, (4) the certainty and general persuasiveness of Boykin’s ultimate identification under all the circumstances, and (5) the lapse of time between the offense and ultimate identification of the appellant by Boy-kin. See Scott v. State, 359 So.2d 1355 (Miss.1978).
We think the foregoing discussion obviates the need for disposing of appellant’s second assignment of error concerning the selection of tales jurors. However, we would note that Mississippi Code Annotated section 13-5-30 (Supp.1979), in directory language sets forth the preferred practice in this respect. As for appellant’s third and fourth assignments, we need not reach them in view of our remand for further proceedings consistent with this opinion. Appellant’s fifth assignment, concerning the admissibility of the gun and money, lacks merit. The appellant has not argued that this evidence was illegally seized; its relevance cannot reasonably be questioned, and its probative value must be decided by the trier of fact.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.